| | |
|---|---|
| Name: Azu OSEMENE, Maria VENANCIO | FILED CLERK, U.S. DISTRICT COURT |
| Address: P.O. Box 492 | |
| Van Nuys, CA 91408 | NOV 26 2018 |
| Phone: 202-550-1151 | CENTRAL DISTRICT OF CALIFORNIA |
| Fax: | RS              DEPUTY |
| In Pro Per | |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Azu OSEMENE, an Individual
Maria VENANCIO, an Individual

CASE NUMBER:

LA CV18 09871-FMO-JPRx

Plaintiff

To be supplied by the Clerk of
The United States District Court

V.

Spirit Airlines, An Airline Business form unknown;
Robert L. Fornaro, CEO

**COMPLAINT FOR DAMAGES**

Negligence; Breach of Contract
Fraud

Defendant(s).

Plaintiffs allege and state as follows:

FIRST CAUSE OF ACTION FOR NEGLIGENCE

1. Plaintiffs are citizens and residents of the US, State of California.

2. Based on information and belief Plaintiffs allege that at all times herein mentioned defendant Spirit Airlines is and was a business, form unknown, engaged and authorized to conduct business of air transportation (common carrier) of passengers for profit. It is further believed that this defendant's principal place of business is Miramar, Florida, and operates in the sky over California and does transactions of contracting, landing, picking up, dropping off air passengers in Los Angeles, CA and maintains an office at the Tom Bradley International Airport, Los Angeles, CA.

3. Based on information and belief Plaintiffs allege that at all times herein mentioned defendant Robert L. Fornaro, is and was Chief Executive Officer (CEO) of co-defendant Spirit Airlines with power/authority to control, supervise each employee and co-defendants and was aware of the

events leading up to this lawsuit and acted as a duly authorized and constituted representative of the co-defendants and each of them.

4. Plaintiffs are ignorant of the true names and capacities of defendants sued herein as DOES 1-500, inclusive and therefore sues these defendants by said fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe and thereon allege that each such fictitiously named defendant, acting in their capacities in the course and scope of their employment and with the permission and consent of co-defendant Spirit Airlines, Robert L. Fornaro and each of them, is responsible in some manner for the occurences herein alleged and that injuries and damages resulting to Plaintiffs were proximately caused by the actions and/or inactions of defendants and each of them.

5. On or about October 23, 2016, Plaintiffs and defendant agreed that for a fee paid by Plaintiffs, defendants would transport them by air from Los Angeles, CA to Houston, TX on November 23, 2016 and return them to Los Angeles, CA by air on November 27, 2016. The agreement was memorialized.

6. On November 23, 2016, Plaintiffs presented themselves timely and defendants fulfilled part of the agreement by transporting Plaintiffs to Houston, TX.

7. On November 27, 2016, Plaintiffs presented themselves timely, no but defendants refused to board and transport them to Los Angeles, CA as agreed. Plaintiffs had no luggage to check-in and the check-in kiosk was malfunctioning with other customers complaining while holding their positions in front of the kiosks. Plaintiffs reported to defendants' employees and/or agents who did nothing to assist nor gave directions other than to direct Plaintiffs back to the kiosks. Plaintiffs returned two more times to complain and remind defendants and each of them that Plaintiffs had very important appointments the next day that they could not miss hence the desire to board the booked flight. Finally an agent attempted to 'help' tinkering with the computer. Plaintiffs could not see the agent's computer screen and therefore unable to verify what they were doing. The agents were chating and laughing with one another as time ticked and Plaintiffs reminded them that time was ticking down. The agents huddled, went into a room for about 30 minutes, came out and continued tinkering with their computer without a word to Plaintiffs what, if anything was happening.

Another agent/employee showed up to advise the one 'tinkering' with the computer that the gate would be 'closing shortly'. Plaintiffs heard that and advised they could make it to the gate because they had no luggage to check in and security line was reported to be moving fast. The co-defendants ignored Plaintiffs and kept chatting, laughing with one another. After about another half hour, another agent/employee showed up and announced the gate was 'closed' and Plaintiffs would not be allowed to board the plane for the return flight to Los Angeles, CA. Plaintiffs protested loudly reminding co-defendants again (that was about the fourth reminder of obligation that could not be missed) that Plaintiffs had commitments the next day that they could not miss. During the protests, another agent/employee showed up and said he would help Plaintiffs. Few minutes into his efforts, he whispered to the others that Plaintiffs' seats were sold due to overbooked flight resulting in Plaintiffs being 'bumped' and denied boarding. The agent/employee promised to get Plaintiffs to Los Angeles, CA on another flight. After some more 30 minutes he reported that he found another flight but it was for 8:00 am the next day (November 28, 2016) arriving Los Angeles at 10:00 am. Plaintiffs advised it was too late to keep their appointment and asked defendants to book them on flight for November 27, 2016, on co-defendant Spirit Airlines or another carrier. Defendants and each of them refused insisting that it was either the next day's flight on co-defendant Spirit Airlines or 'you are on your own' and they left and left Plaintiffs stranded at the Intercontinental Airport, Houston, TX.

8. Plaintiffs did all that was required of them by presenting themselves at the check-in window ready to board and travel on November 27, 2016. Defendants and each of them negligently overbooked the flight and as a direct result 'bumped' Plaintiffs from the flight and sold their seats without consent and/or compensation. By reason of the foregoing, Plaintiffs were refused boarding and defendants and each of them refused and continue to refuse to transport Plaintiffs back to Los Angeles, CA and/or compensate them.

9. As a direct proximate result of the foregoing negligence of defendants and each of them, Plaintiffs incurred out-of-pocket expenses and extra financial expenses to book another flight on another airline for their return flight to Los Angeles, CA on November 27, 2016, all to their general damages which will be proved at the time of trial.

10. As a direct proximate result of the foregoing negligence of defendants and each of them, Plaintiffs suffered emotional distress, fear, anxiety, humiliation, panic, annoyance, vexation all to their general damages that will be proved at the time of trial.

11. As a direct proximate result of the foregoing negligence of defendants and each of them, Plaintiffs incurred out-of-pocket expenses on nourishments, refreshment while stranded at the airport all to their damages that will be proved at the time of trial.

## SECOND CAUSE OF ACTION FOR
## BREACH OF CONTRACT

12. Plaintiffs refer to and by this reference incorporate herein paragraphs 1-11 of the First Cause of Action as though set forth in full herein.

13. Thereafter on November 26, 2016, at the Intercontinental Airport, Houston, TX defendants and each of them failed and refused to allow Plaintiffs board the flight 327 for which they held confirmed tickets (Conf. #AD8MNN) and refused to transport Plaintiffs back to Los Angeles, CA as contracted causing Plaintiffs to suffer damages.

14. The conduct of defendants and each of them was in contradiction to the contract between Plaintiffs and defendants and Contract of Carriage and regulation of the US Department of Transportation.

15. As a direct proximate result of the breach of contract by defendants and each of them by involuntarily bumping plaintiffs off their confirmed and purchased seats, Plaintiffs incurred and suffered losses as described in paragraphs 9-11 above and incorporated herein.

## THIRD CAUSE OF ACTION FOR FRAUD

16. Plaintiffs refer to and by this reference incorporate herein paragraphs 1-15 of the First and Second Causes of Action as though set forth in full herein.

17. Based on information and belief, Plaintiffs allege that at all times herein relevant defendants and each of them knew they would not and could not transport Plaintiffs as agreed in view of the oversold seats/flight and all actions each and all defendants took was intentionally designed and intended to give the impression that efforts were underway to get Plaintiffs on the flight. This fraudulent act of defendants and each of them caused Plaintiffs damages stated in paragraphs 9-11 above and by reference incorporated herein.

# PRAYER

WHEREFORE, Plaintiffs pray judgment against defendants and each of them as follows:

### FIRST CAUSE OF ACTION (Negligence)

1. For general damages to be proved at the time of trial;
2. For special damages to be proved at the time of trial;
3. For all damages authorized pursuant to regulations;
4. For punitive and exemplary damages sufficient to punish and make an example of defendants and each of them;
5. For any and all costs associated with, arising from or related to this suit; and
6. For such other and further damages as this court may deem just and proper.

### SECOND CAUSE OF ACTION (Breach of Contract)

1. For general damages to be proved at the time of trial;
2. For special damages to be proved at the time of trial;
3. For all damages authorized pursuant to regulations;
4. For any and all costs associated with, arising from or related to this suit; and
5. For such other and further damages as this court may deem just and proper.

### THIRD CAUSE OF ACTION (Fraud)

1. For general damages to be proved at the time of trial;
2. For special damages to be proved at the time of trial;
3. For all damages authorized pursuant to regulations;
4. For punitive and exemplary damages sufficient to punish and make an example of defendants and each of them;
5. For any and all costs associated with, arising from or related to this suit; and
6. For such other and further damages as this court may deem just and proper.

DATED: _____
Azu Osemene, Pro Se Plaintiff

DATED: _____
Maria Venancio, Pro Se Plaintiff

VERIFICATION

WE, AZU OSEMENE AND MARIA VENANCIO, are the Plaintiffs in this action. We have read the foregoing complaint and know its contents thereof. The same is true of our knowledge of the facts and except as those matters which are therein stated on information and belief and as to those matters, we believe it to be true.

We each declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: _____
Azu Osemene

DATED: _____
Maria Venancio