UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-9871 FMO (JPRx) | Date | April 25, 2019 |
|---|---|---|---|
| Title | Azu Osemene, et al. v. Spirit Airlines, Inc., et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s): Attorney Present for Defendant(s):

None Present    None Present

**Proceedings:**     (In Chambers) Order Dismissing Action Without Prejudice

Having reviewed and considered all the briefing filed with respect to Spirit Airlines' ("Spirit") and Robert L. Fornaro's ("Fornaro") (collectively, "defendants") Motion to Dismiss [] (see Dkt. 14, "Motion"), the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and orders as follows.

## BACKGROUND

On November 26, 2018, Azu Osemene and Maria Venancio (collectively, "plaintiffs"), proceeding pro se, filed a Complaint (Dkt. 1, "Complaint") against defendants, asserting jurisdiction on the basis of diversity, 28 U.S.C. § 1332(a). (See Dkt. 1, Complaint; see also Dkt. 1-1, Civil Cover Sheet at § II). The Complaint asserts claims for negligence, breach of contract, and fraud, (see Dkt. 1, Complaint at ¶¶ 1-17), arising out of Spirit's alleged "refus[al] to board and transport [plaintiffs on an airplane] to Los Angeles, CA as agreed." (Id. at ¶ 7; id. at ¶¶ 3 & 8). Plaintiffs allege that they were misled as to the overbooking of their flight, did not receive a refund of their ticket, and incurred out-of-pocket expenses by having to purchase new tickets from Houston to Los Angeles, and food and drinks at the Houston airport. (See id. at ¶ 9). The Complaint seeks general, special, and punitive damages, as well as costs, of an amount unspecified in the Complaint. (See id., Prayer for Relief).

## LEGAL STANDARD

In reviewing a motion to dismiss under Federal Rule of Procedure 12(b)(1) for lack of subject matter jurisdiction, the court begins with the principle that "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 (2006).

Because jurisdiction is a preliminary issue, "a federal court generally may not rule on the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-9871 FMO (JPRx) | Date | April 25, 2019 |
|---|---|---|---|
| Title | Azu Osemene, et al. v. Spirit Airlines, Inc., et al. | | |

merits of a case without first determining that it has jurisdiction[.]" Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 430-31, 127 S.Ct. 1184, 1191 (2007). The burden of establishing that subject matter jurisdiction exists "rests upon the party asserting jurisdiction[.]" Kokkonen, 511 U.S. at 377, 114 S.Ct. at 1675.

Federal subject matter jurisdiction may be established on two grounds: (1) federal question jurisdiction under 28 U.S.C. § 1331; and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state[.]" 28 U.S.C. §§ 1332(a)(1)-(2). "Diversity is generally determined from the face of the complaint." Gould v. Mut. Life Ins. Co. of N.Y., 790 F.2d 769, 773 (9th Cir.), cert. denied, 479 U.S. 987 (1986). "[I]f, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount . . . the suit will be dismissed." St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S.Ct. 586, 590 (1938); Crum v. Circus Circus Enterprises, 231 F.3d 1129, 1131 (9th Cir. 2000) ("To justify dismissal, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount.") (internal quotations marks omitted).

**DISCUSSION**

I.   JURISDICTION.

To allow the court to exercise diversity jurisdiction, plaintiffs' claims must "exceed[] the sum or value of $75,000, exclusive of interest and costs[.]" See 28 U.S.C. §§ 1332(a). "When the defendant raises a factual attack, the plaintiff must support her jurisdictional allegations with competent proof, under the same evidentiary standard that governs in the summary judgment context. The plaintiff bears the burden of proving by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction has been met." Leite v. Crane Co., 749 F.3d 1117, 1122 (9th Cir. 2014) (internal citations and quotation marks omitted).

"In situations like this where plaintiffs do not state specific, individual amounts in damages, the Court determines under the preponderance-of-evidence standard whether the jurisdictional amount is satisfied." Bates v. Gen. Nutrition Ctrs., Inc., 897 F.Supp.2d 1000, 1003 (C.D. Cal. 2012). Here, "[e]xamining the Complaint, the Court finds no evidence suggesting" that plaintiffs would be entitled to more than $75,000 in damages. Id.; (see, generally, Dkt. 1, Complaint).

In their Opposition to defendants' Motion (Dkt. 16, "Opp."), plaintiffs assert, in a conclusory manner, that their "complaint clearly states that actual, special, compensatory, punitive, general damages are sought and they exceed the jurisdictional minimum of this court" and that "[p]unitive

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-9871 FMO (JPRx) | Date | April 25, 2019 |
|---|---|---|---|
| Title | Azu Osemene, et al. v. Spirit Airlines, Inc., et al. | | |

damages count toward establishing subject matter jurisdiction." (Dkt. 16, Opp. at 3). However, plaintiffs provide no explanation in either the Complaint or their Opposition as to how their alleged damages could possibly exceed the $75,000 threshold. (See, generally, Dkt. 1, Complaint; Dkt. 16, Opp.).

Moreover, before filing this case, plaintiffs served defendants with a Statement of Damages demanding $5,000 in damages. (See Dkt. 14-2, Declaration of Michael Cutler ("Cutler Decl."), Exhibit ("Exh.") A, "Demand Letter"). A statement of damages "is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002). Here, given that plaintiffs simply seek recovery for new airline tickets from Houston to Los Angeles and out-of-pocket expenses in Houston for food and drinks, (see Dkt. 1, Complaint; Dkt. 14-2, Cutler Decl., Exh. A, Demand Letter), the court is satisfied to a legal certainty that plaintiffs' claims will not exceed the jurisdictional threshold. See, e.g., J. Marymount, Inc. v. Bayer Healthcare, LLC, 2009 WL 4510126, *3-*6 (N.D. Cal. 2009) (finding that plaintiff had failed to meet jurisdictional threshold, where plaintiff had made pre-complaint settlement offer of $63,000; noting that the settlement offer was an initial offer, and typically initial offers are used to anchor the negotiations in a party's favor by starting the process with a high number).

Given that plaintiffs have not met their burden to establish by a preponderance of the evidence that the jurisdictional amount is satisfied, the court may not exercise subject matter jurisdiction pursuant to 28 U.S.C. § 1332. See Esquilin-Mendoza v. Don King Productions, Inc., 638 F.3d 1, 4 (1st Cir. 2011) ("[J]urisdiction is defeated notwithstanding the plaintiff's good faith in claiming for the jurisdictional amount if one familiar with the applicable law could not reasonably have concluded that the claim was worth the jurisdictional amount."); see also Bates, 897 F.Supp.2d at 1003 (dismissal warranted for lack of diversity jurisdiction where "[t]he Complaint fails to state . . . that Plaintiff (or class members) have individually suffered damages in excess of $75,000").

Plaintiffs also contend that the court has original jurisdiction over this case because it involves air travel. (See Dkt. 16, Opp. at 4-5). This argument is likewise unavailing. "Federal courts have original jurisdiction over 'all civil actions arising under the Constitution, laws, or treaties of the United States.'" K2 Am. Corp. v. Roland Oil & Gas, LLC, 653 F.3d 1024, 1029 (9th Cir. 2011) (citing 28 U.S.C. § 1331). "For a case to 'arise under' federal law, a plaintiff's well-pleaded complaint must establish either (1) that federal law creates the cause of action or (2) that the plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law." Id. (internal quotation marks omitted).

Here, even construing plaintiff's Complaint liberally, see Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 596 (1972), plaintiffs assert only state-law theories of liability for negligence, breach of contract, and fraud. (See, generally, Dkt. 1, Complaint). Plaintiffs do not explain how resolving the subject state law claim will require the resolution of a substantial question of federal law. (See, generally, Dkt. 16, Opp.); Gunn v. Minton, 568 U.S. 251, 258, 133 S. Ct. 1059, 1065

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-9871 FMO (JPRx) | Date | April 25, 2019 |
|---|---|---|---|
| Title | Azu Osemene, et al. v. Spirit Airlines, Inc., et al. | | |

(2013) (federal jurisdiction over state law claim will lie only if the "state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities") (internal quotation marks omitted).  Purely state-law claims that do not require the court to resolve a federal question do not confer federal question jurisdiction.  See, e.g., Brown v. Oregon DHS, 2015 WL 13237081, *3 (D. Or. 2015) (dismissing complaint upon finding that it states "purely a state law . . . claim that does not require the Court to resolve a federal question").

In sum, given that the Complaint confers no basis for subject matter jurisdiction, the court must dismiss the case.  See Morongo Band of Mission Indians v. California State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988) ("If jurisdiction is lacking at the outset, the district court has no power to do anything with the case except dismiss.") (internal quotation marks omitted).

II.     DISMISSAL WITHOUT LEAVE TO AMEND.

Rule 15 of the Federal Rules of Civil Procedure provides that the court "should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2); see Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) (The policy favoring amendment "is to be applied with extreme liberality.").  However, "[i]t is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330, 91 S.Ct. 795, 802 (1971).  This decision is guided by an examination of several factors, including: (1) whether the amendment causes the opposing party undue prejudice; (2) whether the amendment is sought in bad faith; (3) whether the amendment causes undue delay; (4) whether the amendment constitutes an exercise in futility; and (5) whether the plaintiff has previously amended his or her complaint.  See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 & n. 3 (9th Cir. 1987).

Having liberally construed and assumed the truth of the allegations in the Complaint, the court is persuaded that plaintiffs cannot establish subject matter jurisdiction if the court granted leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit law, district courts are only required to grant leave to amend if a complaint can possibly be saved.").  Plaintiffs' allegations and own demand letter demonstrate that the amount in controversy is substantially below the jurisdictional amount, and plaintiffs' state-law claims cannot plausibly invoke a federal question.  See supra at § I.  Under the circumstances, it would be futile to afford plaintiffs an opportunity to establish grounds for jurisdiction.  Accordingly, plaintiffs' Complaint will be dismissed without leave to amend.

**This Order is not intended for publication.  Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

**CONCLUSION**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-9871 FMO (JPRx) | Date | April 25, 2019 |
|---|---|---|---|
| Title | Azu Osemene, et al. v. Spirit Airlines, Inc., et al. | | |

Based on the foregoing, IT IS ORDERED THAT:

1. Defendants' Motion to Dismiss **(Document No. 14)** is **granted**.

2. Plaintiffs' Complaint (Document No. 1) is **dismissed without prejudice**.  Judgment shall be entered accordingly.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | vrv |